UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE MARTIN,
           Plaintiff,

vs.                                    05-2238

PATRICK HARTSHORN,
           Defendant.

## ORDER

Pursuant to 28 U.S.C. 1915A, a merit review of the plaintiff's complaint was held on November 30, 2005. Section 1915A requires the court to identify cognizable claims and dismiss claims that are (1) . . . frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Similarly, 28 U.S.C. Section 1915(e)(2) requires the court to dismiss a case proceeding in forma pauperis if the action is frivolous, malicious or fails to state a claim.

The pro-se plaintiff appeared via telephone conference from the Vermillion County Public Safety Building. The court has reviewed the plaintiff's complaint and considered statements he made during the conference. The court has gleaned the following from the plaintiff's complaint and statements made by the plaintiff during the conference:

The plaintiff names Patrick Hartshorn, sheriff of Vermillion County, as a defendant. He lists the Vermillion County Public Safety Building in the caption of his complaint, but during the conference, the plaintiff advised the court that he is not suing the Building. The plaintiff brought his lawsuit, pursuant to 42 U.S.C. Section 1983 on October 20, 2005. He claims there is no grievance process at the Vermillion County Jail, therefore [he did not exhaust administrative remedies prior to bringing this lawsuit].

The plaintiff, Steven Martin is currently incarcerated at the Vermillion County Public Safety Building, the county jail, (hereinafter PSB). The plaintiff states that the dates of occurrence are from July, 2005 through the present. The plaintiff alleges there are there are no physical non-verbal examination upon entering the PSB. During the conference he clarified that the inmates are not given a medical examination when they are booked into the jail. Pursuant to 28 U.S.C. 1915A and Fed. R. Civ. P. Rule 12(b)(6), this claim is dismissed for failure to state a claim upon which relief may be granted. There is no constitutional requirement that inmates be provided a medical examination upon placement in the jail.

The plaintiff claims the PSB does not sell, supply or allow the detainees to receive a common wash cloth to properly bathe. However, during the conference, the plaintiff advised the court that he is provided with opportunities to take a shower and he is provided with soap. In his

complaint, the plaintiff alleges that the PSB's commissary is overcharging the detainees by selling them sample packages of shampoo, toothpaste and lotion. During the conference, the plaintiff advised the court that he can buy a sample size container of toothpaste for approximately fifteen cents; shampoo for ten cents; and lotion for fifteen cents. Soap is provided at no cost to the plaintiff.

Further, the plaintiff alleges the PSB has an one rule policy – everything goes into one tote, without exception. During the conference, the plaintiff advised the court that there is no room in the cells for multiple totes. The detainees are required to place all their belongings in the one tote that is provided. Their belongings could include clean and dirty clothes, soap, lotion, shoes, books, etc. The plaintiff does not allege that this arrangement has caused him any harms or that he anticipates he will be harmed. The plaintiff also alleges that the correctional officers do not practice proper sanitation guidelines. He claims the correctional officers stack the meal trays on top of each other and do not wear plastic gloves when serving the food trays. Sometimes, the officers might touch the bread and once there was a small piece of wood on the plaintiff's meal tray. The plaintiff bit into the wood which caused a small cut to his gums and some bleeding. Further, the plaintiff complains that the correctional officers do not allow the pre-trial detainees to wash and hang their laundry, nor do the officers offer the detainees a proper way to do their laundry. However, during the conference, the plaintiff advised the court that the correctional officers offer laundry service to the detainees. For example during the month of November, the correctional officers offered laundry service to the detainees two weeks in a row.

A pretrial detainee's § 1983 claim falls under the due process clause of the Fourteenth Amendment, due process clause, but the analysis is the same as a claim under the Eighth Amendment. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). The standard is whether the defendants were deliberately indifferent. Negligence alone does not violate the Eighth or Fourteenth Amendments. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

To succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Actual notice of a specific threat or risk is necessary to prove a defendant knew of the risk and cannot be imputed through a generalized knowledge of danger or vague complaints. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)

An Eighth Amendment claim alleging cruel and an unusual punishment has two requirements: 1) the deprivation suffered was objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); and 2) the defendants were

deliberately indifferent to that serious deprivation. *Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001).

"While the Constitution does not require that prisons be comfortable, prison conditions do violate the Constitution where they 'deprive inmates of the minimal civilized measure of life's necessities.'" *Delaney*, 256 F.3d at 683, *citing Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The standard is judged against "contemporary standards," evolving with society. *Id.* Here, the plaintiff admits that he is able to keep his body clean. He can also purchase sample size toothpaste, shampoo and lotion for fifteen cents or less – not exorbitant. Further, although the plaintiff has to keep all his belongings in one tote, he has suffered no harm. Further, the plaintiff admits that he has not become ill and he does not allege that he will become ill due to the way the correctional officers handle the service of the meals to the pre-trial detainees. Finding a small piece of wood on his tray was a single isolated incident. Furthermore, the fact that the plaintiff would rather wash his laundry than have to wait for the jail staff to provide "maid service" to wash his dirty clothes is not a violation of the constitution. The mere fact that pretrial detention interferes with the plaintiff's desire to live comfortably and free from restraint does not, without more, make the conditions of his confinement unconstitutional.

Furthermore, deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). However, the injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373. The subjective component (deliberate indifference) does not encompass negligence or even gross negligence. *Id.*, *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*, 220 F.3d at 811. Here, the plaintiff only suffered a minor injury, a small cut to his gum -- an injury for which he, understandably, did not seek medical treatment.

As alleged, the plaintiff's claims of inhumane conditions of confinement do not rise to the level of a constitutional violation. These are not cognizable claims and are dismissed pursuant to Section 1915(A) and Rule 12(b)(6).

The plaintiff alleges that the PSB does not have a grievance procedure. This claim is dismissed pursuant to Section 1915(A) and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. There is no substantive constitutional right to a grievance procedure. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

The plaintiff alleges the PSB does not have an adequate law library. He claims the library has one law reference book. During the conference, the plaintiff advised the court that he is detained in jail for retail theft and burglary. He also advised the court that he is represented by a public defender for his criminal charges. An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case). This plaintiff does not claim that he suffered an "actual injury" from the inability to pursue a nonfrivolous claim. He is merely complaining that the law library has one book. This claim is dismissed pursuant to Section 1915(A) and Rule 12(b)(6).

The plaintiff also alleges that the correctional officers are rude and unprofessional. The Constitution does not protect against all arbitrary actions of prison officials, but only those that cause the plaintiff to suffer a deprivation of a constitutionally protected liberty, life or property interest. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995)(per curiam). If the plaintiff's allegations are true, the defendants' conduct is unprofessional and certainly not condoned by the court. However, the plaintiff's allegations do not state a constitutional claim because the plaintiff has not suffered a constitutional deprivation.

**It is therefore ordered:**

1. **The plaintiff's petition to proceed in forma pauperis, d/e 1, is granted.**
2. **Based on the foregoing, pursuant to 28 U.S.C. 1915A and Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.**
3. **Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**
4. **The agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to**

      **appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**
**6.       Any remaining matters are rendered moot.**

**Enter this 2nd day of December 2005.**

                      /s/ Michael P. McCuskey
              _____
                  **MICHAEL P. McCUSKEY**
              **UNITED STATES DISTRICT JUDGE**