E-FILED
Friday, 23 December, 2005  11:56:39 AM
Clerk, U.S. District Court, ILCD

Dear Sir

12-21-05

With all do respect to the Court, I've been using my only source of information (the transcripts of my hearing, and my U.S. 1983 forms) to make sense of the Court's final Judgement.

I've carefully submitted two seperate motions to the best of my ability because I have two different understandings on what basis can I file an appeal

I dont have No legal help or No way of legal assistance what so ever.

I would like for the right motion to be submitted or if possible could I have an extention to have these motions submitted right.

However, I'm at the mercy of the Court

I Highly appreciate your consideration pertaining to this matter Thank you.



FILED
DEC 2 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Respectfully
M/K Steve Martin
2 EAST South Street
Danville IL 61832

E-FILED
Friday, 23 December, 2005 11:56:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE MARTIN
PLAINTIFF

VS.                          CASE NUMBER: 05-2238

PATRICK HARTSHORN
DEFENDANT

RECEIVED
DEC 23 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

NOTICE of APPEAL

IN THAT THE COURTS DISMISSED THE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, PURSUANT TO 28 U.S.C. 1915A AND FED. R. CIV. P. RULE 12(b)(6), STATING: THIS COMPLAINT IS DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. THE PLAINTIFF WOULD LIKE TO FILE APPEAL ON THE GROUNDS:

1.) a misunderstanding of or an unintelligibility of the instructions given in the STATEMENT OF CLAIM which instructs- State here briefly the FACTS that support your case. do not give any legal argument or cite cases or statutes.

a.) the STATEMENT OF CLAIM never instructs the plaintiff to state a claim upon which relief may be granted.

b.) the STATEMENT OF CLAIM niether provides within its wording or instructions that the plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk. furthermore, the STATEMENT OF CLAIM neither promotes or imposes itself as the format for "airing" the risks incurred. subjective disregards· reliefs or subjective awareness on anyones behalf. but only delineates itself as the form to briefly state the FACTS that support your case.

UNITED STATES DISTRICT JUDGE: MICHAEL P. MCCUSKEY dismissed my entire complaint pursuant to 28 U.S.C. 1915A & FED. R. CIV. P. RULE 12(b)(6) and further stated: to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk & the prisoner must "show that the prison official was subjectively aware of the prisoner serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." Though, to my interpretation the STATEMENT OF CLAIM was not the appropriate form for such, but, I was not provided assistance by librarian, paralegal inmate law clerk or legal aid clinic, however,

## REMEDY

1.) IN REMEDY THE PLAINTIFF ASKS HIS APPEAL BE GRANTED AND THE DISMISSAL OF COMPLAINT BE VACATED.

2) THE ORDERS DISMISSAL, NOT BE COUNTED AS A STRIKE AGAINST THE PLAINTIFF UNDER THE "THREE STRIKES" PROVISION OF 28 U.S.C. 1915(g).

3) THE PLAINTIFF NOT BE LIABLE FOR THE $255.00 APPELLATE FILING FEE, AND IN NO MANNER THIS APPEAL ACCUMULATE ANOTHER STRIKE UNDER 28 U.S.C 1915(g).

4) AND, THAT ANY REMAINING MATTERS BE NOT RENDERED MOOT, BUT GIVEN MERIT IN ITS CONSIDERATION.

5) LASTLY, THAT THE PLAINTIFF BE ALLOWED TO RESUBMIT HIS COMPLAINT INCLUSIVE OF MATTERS STATED IN ORDER.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE MARTIN
 PLAINTIFF

vs.                                    CASE NUMBER: 05-2238

PATRICK HARTSHORN
 DEFENDANT

**FILED**

DEC 23 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA IL

NOTICE OF APPEAL

   IN THAT THE COURTS DISMISSED THE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, PURSUANT TO 28 U.S.C. 1915A AND FED. R. CIV. P. RULE 12(b)(6) STATING: THIS COMPLAINT IS DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

   THE PLAINTIFF WOULD LIKE TO FILE APPEAL ON THE FOLLOWING GROUNDS:

1.) IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS MEMORANDUM TO ALL INMATE LITIGANTS RE: PRISON LITIGATION REFORM ACT (1995), WHICH BECAME LAW ON APRIL 26, 1996. UNDER THE ACT, FEDERAL COURTS <u>MUST</u> DENY LEAVE TO PROCEED <u>IN FORMA PAUPERIS</u> IF COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED TO DO SO, THE PRISONER MUST

SUBMIT A COMPLAINT THAT CONTAINS ALLEGATIONS OF FACT THAT SATISFY EVERY ELEMENT OF THE PRISONER'S CLAIM. FAILURE TO INCLUDE FACTUAL ALLEGATIONS IN SUPPORT OF EVERY ELEMENT OF A PRISONER'S CLAIM WILL RESULT IN DENIAL TO PROCEED IN FORMA PAUPERIS.

IN THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS.... ORDER (STEVE MARTIN VS. PATRICK HARTSHORN) UNITED STATES DISTRICT JUDGE· MICHAEL P. McCUSKEY STATES OR RENDERS: IT IS THEREFORE ORDERED

1.) THE PLAINTIFF'S PETITION TO PROCEED IN FORMA PAUPERIS, d/e 1, IS GRANTED. * THEREFORE, THE COMPLAINT MUST HAVE SUCCEEDED IN STATING A CLAIM UPON WHICH RELIEF MAY BE GRANTED. ALSO, THE COMPLAINT CONTAINED ALLEGATIONS OF FACT THAT SATISFIED EVERY ELEMENT OF THE PRISONER'S CLAIM. Thus, nullifying:

2.) Based on the foregoing, pursuant to 28 U.S.C. 1915A and Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's entire complaint is dismissed for failure to state a claim upon which relief may be granted.

This being my meager understanding of the Prison Litigation Reform Act, which may be evident of my lack of assistance by librarian, paralegal, inmate

law clerk or legal aid clinic.

On these grounds I file appeal and ask for the following remedies:

1.) The Plaintiff's appeal be granted and the dismissal of complaint be vacated.

2.) The orders dismissal not be counted as a strike against the Plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g)

3.) The Plaintiff not be liable for the $255.00 Appellate filing fee, and in no manner this appeal accumulate another strike under 28 U.S.C 1915(g).

4.) That any remaining matters be not rendered moot, but, given merit in it's consideration.

5.) Lastly, that the Plaintiff be allowed to resubmit his complaint inclusive of matter stated in order