IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE MARTIN
   PLAINTIFF

vs.                          CASE NUMBER: 05-2238

PATRICK HARTSHORN
   DEFENDANT

RECEIVED
DEC 23 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

NOTICE of APPEAL

no signature

IN THAT THE COURTS DISMISSED THE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY, PURSUANT TO 28 U.S.C. 1915A AND FED. R. CIV. P. RULE 12(b)(6), STATING: THIS COMPLAINT IS DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. THE PLAINTIFF WOULD LIKE TO FILE APPEAL ON THE GROUNDS:

1.) a misunderstanding of or an unintelligibility of the instructions given in the STATEMENT OF CLAIM which instructs- State here briefly the FACTS that support your case. do not give any legal argument or cite cases or statutes.

2.) the STATEMENT OF CLAIM never instructs the plaintiff to state a claim upon which relief may be granted.

b.) the STATEMENT OF CLAIM niether provides within its wording or instructions that the plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk. furthermore, the STATEMENT OF CLAIM neither promotes or imposes itself as the format for "airing" the risks incurred. subjective disregards. reliefs or subjective awareness on anyones behalf. but only delineates itself as the form to briefly state the FACTS that support your case.

UNITED STATES DISTRICT JUDGE: MICHAEL P. McCUSKEY dismissed my entire complaint pursuant to 28 U.S.C. 1915A & FED. R. CIV. P. RULE 12(b)(6) and further stated: to succeed, the plaintiff must show that a "substantial risk of serious harm" existed and that the defendants subjectively disregarded that risk & the prisoner must "show that the prison official was subjectively aware of the prisoner serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." Though, to my interpretation the STATEMENT OF CLAIM was not the appropriate form for such, but, I was not provided assistance by librarian, paralegal inmate law clerk or legal aid clinic, however,

## REMEDY

1.) IN REMEDY THE PLAINTIFF ASKS HIS APPEAL BE GRANTED AND THE DISMISSAL OF COMPLAINT BE VACATED.

2) THE ORDERS DISMISSAL, NOT BE COUNTED AS A STRIKE AGAINST THE PLAINTIFF UNDER THE "THREE STRIKES" PROVISION OF 28 U.S.C. 1915(g).

3) THE PLAINTIFF NOT BE LIABLE FOR THE $255.00 APPELLATE FILING FEE, AND IN NO MANNER THIS APPEAL ACCUMULATE ANOTHER STRIKE UNDER 28 U.S.C. 1915(g).

4) AND, THAT ANY REMAINING MATTERS BE NOT RENDERED MOOT, BUT GIVEN MERIT IN ITS CONSIDERATION.

5) LASTLY, THAT THE PLAINTIFF BE ALLOWED TO RESUBMIT HIS COMPLAINT INCLUSIVE OF MATTERS STATED IN ORDER.